UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**BUILDING TRADES UNITED PENSION TRUST FUND,**
**DOUG EDWARDS (in his capacity as Trustee),**

**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS' HEALTH FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS' VACATION FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS' APPRENTICESHIP & JOURNEYMAN**
**TRAINING FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS DEFINED BENEFIT PENSION FUND,**
**NORTH CENTRAL STATES REGIONAL COUNCIL OF**
**CARPENTERS' DEFINED CONTRIBUTION PENSION**
**FUND, LABOR MANAGEMENT COOPERATION TRUST FUND,**
**and PATRICK RODRIGUEZ (in his capacity as Trustee),**

**PAINTERS LOCAL 802 PENSION FUND,**
**PAINTERS LOCAL 802 HEALTH FUND,**
**PAINTERS LOCAL 802 APPRENTICESHIP**
**FUND, and JEFF MEHRHOFF (in his**
**capacity as Trustee),**
                              Plaintiffs,

   v.                                                        Case No.  23-cv-138

**WALL-TECH, INC.,**

                              Defendant.
_____

### COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, and as and for a cause of action against the Defendants, allege and show to the court the following:

**Jurisdictional and Venue**

1. Jurisdiction of this Court upon Defendant Wall-Tech, Inc. is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Defendant's principal offices are located in Dane County, Wisconsin.

**Parties**

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Doug Edwards is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies

prayed for. Doug Edwards maintains an office at 3300 South 103rd Street, Milwaukee, WI 53227.

5.  Plaintiffs North Central States Regional Council of Carpenters Health Fund, North Central States Regional Council of Carpenters Vacation Fund, North Central States Regional Council of Carpenters Apprenticeship & Journeyman Training Fund, North Central States Regional Council of Carpenters Defined Benefit Pension Fund, North Central States Regional Council of Carpenters Defined Contribution Pension Fund, (collectively the "Carpenters Funds") are employee benefit plans within the meaning of ERISA Sections 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plans maintain offices at P.O. Box 4002, Eau Claire, WI 54702.

6.  Plaintiff Patrick Rodriguez is a trustee and a fiduciary of the Training Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. §1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Rodriguez maintains an office at 2421 Larson Street, La Crosse, WI 54603.

7.  Plaintiffs Painters Local 802 Pension Fund, Painters Local 802 Health Fund and Painters Local 802 Apprenticeship Fund are employee benefit plans within the meaning of ERISA §§3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA, (codified as amended at 29 U.S.C. §§1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the trustees, participants and beneficiaries of said plans. Said plans maintain offices at 5375 King James Way, Fitchburg, WI 53719.

8. Plaintiff Jeff Mehrhoff is a trustee and a fiduciary of the Painters Local 802 Pension Fund and Painters Local 802 Health Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Mr. Mehrhoff maintains offices at S68 W22665 National Avenue, Big Bend, Wisconsin, 53103.

9. Wall-Tech, Inc. is a domestic corporation organized under the laws of Wisconsin, engaged in business with principal offices located at 6135 North American Lane, DeForest, Wisconsin 53542. The company's registered agent for service of process is Scott Nordenstrom, 6135 North American Lane, DeForest, Wisconsin 53542.

## Facts

10. Wall-Tech, Inc. is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

11. For all times relevant, Wall Tech, Inc. was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") between itself and the North Central States Regional Council of Carpenters, and Painters & Allied Trades District Council No. 7, AFL-CIO ("Unions").

12. The Labor Agreements described herein contain provisions whereby Wall-Tech, Inc. agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

13. By execution of said Labor Agreements, Wall-Tech, Inc. adopted the trust agreements and amendments thereof which establish and govern the Funds and are necessary for their administration, and designated as their representatives on the Board

of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

14. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the Trustees of said trust funds, Wall-Tech, Inc. has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Funds for each employee covered by the aforementioned Labor Agreements;

    b. to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

    c. to adopt and abide by all of the rules and regulations adopted by the Trustees of the Funds pursuant to the trust agreements;

    d. to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

    e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

    f. to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney fees, audit fees, court costs and service

fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

15. Wall-Tech, Inc. has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

    a. failing to make continuing and prompt payments to the Funds as required by the Labor Agreements and trust agreements for all of Wall-Tech's covered employees; and

    b. failing to accurately report employee work status to the Plaintiffs.

16. Section 502(g)(2) of ERISA, as amended by the MPPAA provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of --

        (i) interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

17. Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

18. Under the collective bargaining agreements between Wall-Tech, Inc. and the Unions, contributions are due by the end of month in which the work was performed, but no later than the fifteenth (15th) day of the following month, after which time the employer is delinquent and assessed liquidated damages equal to 20% of the unpaid contributions, plus interest equal to 1.5% of the unpaid contributions per month.

19. Between January 1, 2018, through September 30, 2022, Wall-Tech, Inc. failed to remit timely contributions to the Plaintiff Funds pursuant to the terms of the collective bargaining agreement between the Unions, resulting in the accrual of interest assessments and liquidated damages.

### Claim One Against Wall Tech, Inc.
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

20. As and for a first claim for relief against Wall Tech, Inc., the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 19 above and incorporate the same as though fully set forth herein word for word.

21. Wall Tech, Inc. has breached its collective bargaining agreements with the Unions by failing to remit timely contributions to the Plaintiff Funds for all acknowledged hours that they worked in during the period January 1, 2018, through September 30, 2022.

22. Because, as the Plaintiff Funds are informed and believe, Wall Tech, Inc. has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Funds is reduced, the Funds' income is reduced, and its ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plan have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

23. Because Wall Tech, Inc. has failed to make timely and prompt contributions, some of the Fund's beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

24. As the third-party beneficiaries of the collective bargaining agreement between the Unions and Wall Tech, Inc., the Plaintiff Funds are entitled to recover, for the unpaid contributions described in paragraphs 18 and 19 of the Complaint, an amount equal to the full unpaid contributions, plus interest at 1.5% per month, plus liquidated damages equal to 20% of the full unpaid contributions.

**WHEREFORE**, the Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Wall-Tech, Inc.:

    A. For unpaid contributions, interest, and liquidated damages owed to Plaintiffs for the period January 1, 2018, to the present;

    B. For unpaid contributions, interest, and liquidated damages owed to Plaintiffs becoming due and/or arising after the commencement of

    this lawsuit through the date of judgment; and

   C. Reasonable attorney fees and the costs of this action.

 2. Reasonable attorney fees and the costs of this action.

 3. For such other, further, or different relief as the Court deems just and proper.

Dated this 1st day of March, 2023.

        /s/Christopher Ahrens
        Christopher J. Ahrens (SBN 1043237)
        Alex J Sterling (SBN 1107931)
        THE PREVIANT LAW FIRM, S.C.
        Attorney for Plaintiffs
        301 West Wisconsin Avenue, Suite 100 MW
        Milwaukee, WI 53203
        414-271-4500 (Telephone)
        414-271-6308 (Fax)
        Email: cja@previant.com